THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BARBARA L. CAMPBELL, | : |
| Plaintiff, | : |
| v. | : CASE NO. 5:25-CV-3-CAR |
| PEACH COUNTY BOARD OF COMMISSIONERS, PEACH COUNTY, and SHERIFF TERRY DEESE, | : |
| Defendants. | : |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Barbara L. Campbell asserts 42 U.S.C. § 1983 deliberate indifference to serious medical needs and Georgia state law wrongful death claims against the Peach County Board of Commissioners, Peach County, and Sheriff Terry Deese, in his individual and official capacities, after her son, Maurice Campbell, died while incarcerated in the Peach County Jail. For the reasons explained below, the Court **DENIES** Plaintiff's Motion for Joinder [Doc. 11] as futile and **GRANTS** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [Doc. 8].[1]

### BACKGROUND

---

[1] Defendants' Motions to Dismiss [Docs. 3 and 5] are MOOT.

For purposes of this Motion, the Court accepts all factual allegations in Plaintiff's second Amended Complaint [Doc. 1-9] as true and construes them in the light most favorable to Plaintiff.

On July 31, 2022, Maurice Campbell died while incarcerated in the Peach County Jail. Over "several weeks" before his death, "jail officials" were aware of Maurice's "increasingly worsening health conditions," including his "nausea, vomiting, decreased fluid intake, abdominal paid, weakness, and loss of mobility," and noted his progressive decline in their reports.[2] Despite their awareness, jail personnel failed to send Maurice to the hospital, failed to render timely aid, and denied him acute medical care. As a result of their inaction, Maurice Campbell suffered acute renal failure and died while in custody.

Plaintiff alleges Defendants' "current policy and procedure for medical aid for inmates, in custody, in the jail is reckless and negligent" and "resulted in an abject failure to render timely aid to Maurice Campbell in a reasonable amount of time, and as a result Maurice Campbell suffered and died."[3] She brings claims for deliberate indifference to serious medical needs pursuant to 42 U.S.C. § 1983 and wrongful death under Georgia state law.

---

[2] Am. Compl., p .2 [Doc. 1-9].
[3] *Id.* at p. 3.

On July 29, 2024, Plaintiff filed her original Complaint in the Superior Court of Peach County against the Peach County Board of Commissioners for wrongful death. Peach County Board of Commissioners filed its answer and a motion to dismiss. Before the motion to dismiss was ruled on, on October 3, 2024, Plaintiff filed her first Amended Complaint adding Defendants Peach County and Sheriff Terry Deese without leave of court. All Defendants filed their respective answers and a second motion to dismiss. Before Defendants' second motion to dismiss was ruled on, on December 6, 2024, Plaintiff filed her second Amended Complaint to add claims under 42 U.S.C. § 1983. Thereafter, Defendants timely removed the action to this Court.

Defendants now move to dismiss Plaintiff's second Amended Complaint. After Defendants filed their motion, Plaintiff filed a Motion for Joinder of Peach County and Sheriff Terry Deese.

**Motion for Joinder**

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its complaint only by leave of court or written consent of the adverse party when it has been more than 21 days following service of the responsive pleading or motion. "The court should freely give leave [to amend] when justice so requires."[4] District courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not

---

[4] Fed. R. Civ. P. 15(a)(2).

to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile."[5] As set forth below, Plaintiff's motion must be DENIED because adding Peach County and Sheriff Deese as Defendants in this case is futile.

**Motion to Dismiss**

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[6] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[9]

Plaintiff alleges that "jail officials" and "Peach County jail personnel" knew of Maurice Campbell's medical condition, were deliberately indifferent to his deteriorating medical condition by denying him medical care, which caused his death, and Sheriff Deese and Peach County maintained a reckless and negligent policy and procedure of

---

[5] *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citing *Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1463-64 (11th Cir. 1998)).
[6] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[8] *Id.*
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

4

failing to provide timely medical care. Plaintiff's allegations fail to state any claim for relief.

1. **Peach County Board of Commissioners**

In Georgia, actions against a county must name the county as a defendant.[10] A County Board of Commissioners "is simply the County's governing body and therefore cannot be sued separately."[11] Plaintiff has sued Peach County. Thus, the Peach County Board of Commissioners is not a proper defendant in this action and must be DISMISSED.

2. **Peach County**

   a. § 1983 Deliberate Indifference Claim

A county cannot be held responsible under § 1983 for the wrongful actions of its officers or employees under a theory of *respondeat superior*.[12] Instead, to hold a county liable under § 1983 for damages caused by a constitutional violation "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the [county] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."[13] "A plaintiff can establish municipal liability under *Monell* in three ways: (1) identifying an official policy; (2) identifying an unofficial

---

[10] *See, e.g., Comm'rs of Rds. & Revenue of Houston Cnty. v. Howard*, 59 Ga. App 451 (1939).
[11] *Absusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 1992).
[12] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).
[13] *Higdon v. Tusan*, 746 F. App'x 805, 815 (11th Cir. 2018) (*per curiam*) (citing *McDowell v. Brown*, 392 F.3d 1283, 1289 (11h Cir. 2004)).

custom or widespread practice that is so permanent and well settled as to constitute a custom and usage with the force of law; or (3) identifying a municipal official with final policymaking authority whose decision violated the plaintiff's constitutional rights."[14] But regardless of whether a plaintiff seeks to establish a policy or custom of the county, "a plaintiff (1) must show that the local government entity, here the county, has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have cause the particular constitutional violation in issue."[15] A county can be held liable under §1983 "only for acts for which it is actually responsible."[16]

Peach County is not responsible for providing inmates medical care in jail. The Eleventh Circuit has held that sheriffs are state actors when providing medical care to inmates in the county jail; counties do not have control over the provision of medical care to inmates in the county jail; and because sheriffs and their deputies are state actors regarding the provision of medical care to inmates, they cannot be policymakers for the county.[17] Thus, Plaintiff's § 1983 claims against Peach County must be DISMISSED.

---

[14] *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 122, 1229 (11th Cir. 2022).
[15] *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003).
[16] *Turquitt v. Jefferson Cty., Ala.*, 137 F.3d 1285, 1287 (11th Cir. 1998) (quoting *Pembaur v. City of Cincinatti*, 475 U.S. 469, 479-80 (1986)).
[17] *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1295-96 (11th Cir. 2023).

b. State-Law Wrongful Death Claim

Peach County is entitled to sovereign immunity on Plaintiff's state law wrongful death claim. The Georgia Constitution provides that "sovereign immunity extends to the state and all of its departments and agencies" except to the extent the legislature enacts a specific waiver.[18] This sovereign immunity extends to counties.[19] Sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."[20] Although the Georgia Tort Claims Act provides a limited waiver of sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment" (subject to certain exceptions), that waiver does not apply to counties.[21]

Because Plaintiff fails to point to any applicable statutory exceptions to state sovereign immunity, Plaintiff's state law wrongful death claim against Peach County must be DISMISSED.

3. **Sheriff Terry Deese**

a. § 1983 Deliberate Indifference Claims

---

[18] Ga. Const. art. I, § 2, ¶ IX(e).
[19] *Gilbert v. Richardson*, 264 Ga. App. 744, 747 (1994).
[20] Ga. Const. art. I, § 2, ¶ IX(e); *accord* O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.")
[21] *Currid v. DeKalb State Court Prob. Dep't*, 285 Ga. 184, 187 (2009); *accord* O.C.G.A. § 50-21-22(5) (stating that the term "state" as used in the Georgia Tort Claims Act "does not include counties").

i.  Official Capacity Claim

The Eleventh Amendment bars Plaintiff's § 1983 deliberate indifference to serious medical needs claim for damages against Sheriff Deese in his official capacity.[22] Suits against state officials in their official capacity are considered suits against the state itself, and the Eleventh Amendment bars citizens of a state from suing that state for money damages.[23] "Under the traditional Eleventh Amendment paradigm, states are extended immunity; counties and similar municipal corporations are not; and entities that share characteristics of both require a case-by-case analysis."[24] Here, such an analysis is unnecessary because it is clear the sheriff functions as an arm of the state when providing medical care to inmates in the county jail.[25] Thus, Sheriff Deese is entitled to Eleventh Amendment immunity on Plaintiff's § 1983 deliberate indifference claim against him in his official capacity, and that claim must be DISMISSED.

ii.  Individual Capacity Claim

Qualified immunity shields Sheriff Deese from liability on Plaintiff's § 1983 deliberate indifference claim against him in his individual capacity because Plaintiff fails to allege any causal connection between Sheriff's Deese's actions and therefore fails to

---

[22] Plaintiff does not assert any injunctive relief claims against Sheriff Deese.
[23] *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990) (citations omitted).
[24] *United States ex rel. Lesinski v. S. Fla. Water Mgmt. Dist.*, 739 F.3d 598, 601 (11th Cir. 2014) (citing *Mt. Healthy Cty. Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).
[25] *Myrick*, 69 F.4th at 1295-96.

allege a violation of Maurice Campbell's constitutional rights.

Where, as here, a government official is sued in his individual capacity for money damages for alleged civil rights violations, he may assert qualified immunity as an affirmative defense.[26] "Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[27] "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation."[28] "When properly applied, [qualified immunity] protects 'all but the plainly incompetent or those who knowingly violate the law.'"[29]

"Although the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be raised and considered on a motion to dismiss."[30] "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the complaint fails to allege the violation of a clearly established constitutional right."[31] "To receive qualified immunity, the officer must first show that he

---

[26] *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 994 (11th Cir. 1995).
[27] *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).
[28] *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citations omitted).
[29] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).
[30] *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (citation omitted).
[31] *Id.* (internal quotation marks and citation omitted).

acted within his discretionary authority."[32] "Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply."[33] Plaintiff does not dispute that Sheriff Deese was acting in his discretionary authority; therefore, the burden is on Plaintiff to show he is not entitled to immunity. "To overcome the defense of qualified immunity, [Plaintiff] must show that [Sheriff Deese]: (1) violated federal law (2) that was clearly established at the relevant time."[34]

A state official violates the Fourteenth Amendment when he acts with deliberate indifference to a pretrial detainee's serious medical need.[35] Plaintiff's allegations against Sheriff Deese are based on supervisory liability. The Eleventh Circuit has established that supervisors can be held liable for the constitutional violations of their subordinates under § 1983 "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation."[36] To state a deliberate indifference claim based on supervisory lability, and thus to meet the "constitutional violation" part of the test to overcome qualified immunity, a plaintiff must plead facts showing a causal relationship

---

[32] *Lewis v. City of West Palm Beach, Fla.*, 561 F.3d 1288, 1291 (11th Cir. 2009).
[33] *Edwards v. Stanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis,* 561 F.3d at 1291).
[34] *Pullen v. Osceola Cnty.*, 861 F. App'x 284, 289 (11th Cir. 2021) (citing *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998) (per curiam)).
[35] *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1233 (11th Cir. 2010).
[36] *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (citation omitted).

between the defendant's actions and the alleged denial of medical care.[37] There are three ways for a plaintiff to do so: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; (2) "when a supervisor's custom or policy … result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."[38]

Plaintiff's wholly conclusory allegations fail to state any causal connection between Sheriff Deese and any actions or inactions that caused a constitutional deprivation by the unnamed "jail officials." Plaintiff alleges no personal participation by Sheriff Deese, no widespread abuse to put Sheriff Deese on notice of improper behavior by the jail officials, no custom or policy that resulted in deliberate indifference to Maurice Campbell's constitutional rights, and no facts supporting any inference Sheriff Deese directed the jail officials to act unlawfully or knew they would act unlawfully. Plaintiff's conclusory allegation that Defendants maintained a policy to deny medical care is insufficient to state any viable claim. Thus, Sheriff Deese is entitled to qualified immunity, and Plaintiff's § 1983 deliberate indifference to medical needs claim against Sheriff Deese

---

[37] *Id.* at 1236.
[38] *Id.* (citation omitted).

in his individual capacity must be DISMISSED.

### b. State-Law Wrongful Death Claims

#### i. Official Capacity Claim

Sheriff Deese is entitled to sovereign immunity on Plaintiff's state-law wrongful death claim against him in his official capacity. As set forth above, sheriffs are state actors when providing medical care to inmates in the county jail; the Georgia Constitution extends sovereign immunity to "the state and all of its departments and agencies";[39] and sovereign immunity can only be waived by an act of the Georgia legislature. There are no statutes waiving Sheriff Deese's sovereign immunity for Plaintiff's wrongful death claim. Thus, Plaintiff's state law claims against Sheriff Deese in his official capacity must be DISMISSED.

#### ii. Individual Capacity Claim

Plaintiff's state law wrongful death claim against Sheriff Deese in his individual capacity is barred by official immunity. Under Georgia's official immunity doctrine, state officials may be held liable for their ministerial acts performed negligently but are immune from liability for their discretionary acts unless they acted "with actual malice or with actual intent to cause injury in the performance of their official functions."[40]

---

[39] Ga. Const. art. I, § 2, ¶ IX(e).
[40] Ga. Const. art. I, § 2, ¶ IX(d).

Sheriff Deese's alleged failure to ensure adequate medical care is an "exercise of personal deliberation and [lack of] judgment," as opposed to a simple, absolute, or definitive task and therefore a discretionary act.[41] Thus, Plaintiff's allegations must sufficiently state he acted with actual malice.

Under Georgia law, the actual malice standard is a demanding one that "requires an officer to act with deliberate intention to do a wrongful act"; unreasonable or even recklessly illegal conduct does not support such an inference.[42] "[T]he actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiff."[43] Here, Plaintiff fails to allege facts showing that Sheriff Deese intended to cause the harm Maurice Campbell suffered. Thus, Sheriff Deese is entitled to official immunity on Plaintiff's state law wrongful death claim against him in his individual capacity, and that claim must be DISMISSED.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 8] and **DENIES** Plaintiff's Motion for Joinder of Peach County and Sheriff Terry Deese [Doc. 11] as futile.

**SO ORDERED**, this 4th day of September, 2025.

---

[41] *Schmidt v. Adams*, 211 Ga. App. 156, 157 (1993).
[42] *Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir. 2016) (internal quotation marks and citation omitted).
[43] *Campbell v. Goode*, 304 Ga. App. 47, 49 (2010).

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT