IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BARBARA L. CAMPBELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:25-CV-3 (CAR) |
| | : | |
| PEACH COUNTY BOARD OF COMMISSIONERS, PEACH COUNTY, and SHERIFF TERRY DEESE , | : : : : | |
| | : | |
| Defendants. | : | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Barbara L. Campbell's Motion for Reconsideration of the Court's Order [Doc. 15] granting Defendants Peach County Board of Commissioners, Peach County, and Sheriff Terry Deese's Motion to Dismiss Petitioner's 42 U.S.C. § 1983 deliberate indifference to serious medical needs and Georgia state law wrongful death claims she brought after her son, Maurice Campbell, died while incarcerated in the Peach County Jail. For the reasons discussed below, Petitioner's Motion [Doc. 17] is **DENIED**.

### STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon

1

motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[6]

## DISCUSSION

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: She does not point to any intervening change in the law; she does not contend any new evidence has been discovered that was not previously available to the

---

[1] Fed. R. Civ. P. 59(e).
[2] M.D. Ga., L.R. 7.6.
[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).
[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).
[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).
[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993).

parties at the time the original Order was entered; and she does not identify any clear error of law or manifest injustice. Plaintiff re-states the general standards for deliberate indifference claims and attempts to relitigate issues this Court comprehensively addressed in its Order. A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[7]

Plaintiff's contention that a resolution on the defense of qualified immunity was premature because there was no discovery is unpersuasive. As the Court stated in its Order, "[a]lthough the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be raised and considered on a motion to dismiss."[8] "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. Absent such allegations, it is appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage."[9] As set forth in the Order, Plaintiff failed to allege facts that would overcome the defense of qualified immunity.

---

[7] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).
[8] Order on Defendants' Motion to Dismiss, p. 9 [Doc. 15] (citing *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019)).
[9] *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (internal quotation marks and citations omitted).

Because Plaintiff attempts to relitigate matters already decided, and because this case does not fall into one of the three limited circumstances in which the Court may reconsider its ruling, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 17].

**SO ORDERED,** this 19th day of November, 2025.

s/ C. Ashley Royal_____  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT